IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMA BASE S.A. and<br>ASPIRATION TRUST REG.,<br><br>      Plaintiffs,<br><br>  v.<br><br>HVL LLC (a.k.a. H.V.L. and<br>Douglas Laboratories) and<br>HI-VIDOMIN LABORATORIES, INC.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 07-458 (SLR)<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>) |

**ANSWER OF DEFENDANTS, HVL LLC
AND HI-VIDOMIN LABORATORIES, INC.**

Defendants, HVL LLC and Hi-Vidomin Laboratories, Inc. (collectively, the "Defendants"), by their undersigned counsel, answer the Complaint herein as follows (the paragraphs of the Answer are numbered to correspond to those of the Complaint):

    1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

    2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

    3. Defendants admit the allegations contained in this paragraph.

    4. Defendants admit the allegation contained in this paragraph.

    5. Defendants admit that Plaintiffs purport to invoke the jurisdiction of this Court pursuant to Title 15, U.S.C. §§ 1501 et seq.; Title 28, U.S.C. §§ 1331, 1332(a), 1338(a), and/or 1367(a).

    6. Defendants admit the allegations contained in this paragraph.

7. Defendants admit the allegations contained in this paragraph.

8. Defendants admit the allegations contained in this paragraph.

9. Defendants admit the allegations contained in this paragraph.

10. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

11. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

12. Defendants admit the allegations contained in this paragraph.

13. Defendants admit the allegations contained in this paragraph.

14. Defendants deny the allegations of this paragraph.

15. Defendants admit that a Trademark Assignment was executed on August 1, 2006, and that a copy of the Trademark Assignment, attached as Exhibit A to the Complaint, speaks for itself.  Except as so admitted, Defendants deny the remaining allegations of this paragraph.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except that Defendants admit that copies of registrations of COQMELT and QMELT are attached as Exhibits B and C to the Complaint, and that these registrations speak for themselves as to the information contained therein.

17. Defendants admit the allegations contained in this paragraph.

18. Defendants admit that, on or about May 16, 2002, Defendants began using the COQMELT mark to market and/or sell the Fast Melt Product in the United States and Canada, and Defendants have continued to market and sell the Fast Melt Product in the United

States and Canada under the COQMELT mark.  Except as so admitted, Defendants deny the remaining allegations of this paragraph.

19. Defendants admit that, on or about December 4, 2002, Defendants began using the QMELT mark to market and/or sell the Product in the United States and/or Canada, and Defendants have continued to market and sell the Fast Melt Product in the United States and Canada under the QMELT mark.  Except as so admitted, Defendants deny the remaining allegations of this paragraph.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

21. Defendants admit the allegations contained in this paragraph.

22. Defendants deny the allegations of this paragraph.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

24. Defendants admit the allegations contained in this paragraph.

25. Defendants deny the allegations of this paragraph.

26. Defendants deny the allegations of this paragraph.

27. Defendants deny the allegations of this paragraph.

28. Defendants deny the allegations of this paragraph.

29. Defendants deny that they are selling and/or causing to be sold both the fast melt product under the COQMELT mark and the chewable lozenge under the COQLOZ mark side-by-side on a website with the domain name www.tsangenterprise.com.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

31. Defendants deny that they are selling and/or causing to be sold both the fast melt product under the COQMELT mark and the chewable lozenge product under the COQLOZ mark side-by-side on a website with the domain name www.naturalgreens.com. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

32. Defendants deny that they are selling and/or causing to be sold both the fast melt product under the COQMELT mark and the chewable lozenge product under the COQLOZ mark side-by-side on a website with the domain name www.betterlife.com. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

33. Defendants repeat and incorporate by reference all of the Answers set forth in paragraphs 1 through 32 above as if fully set forth herein.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

35. Defendants deny the allegations of this paragraph.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

38. Defendants deny the allegations of this paragraph.

39. Defendants deny the allegations of this paragraph.

40. Defendants deny the allegations of this paragraph.

41. Defendants deny the allegations of this paragraph.

42. Defendants deny the allegations of this paragraph.

43. Defendants lack knowledge or information sufficient to form a belief as to which Plaintiff is referenced in this paragraph.

44. Defendants deny the allegations of this paragraph.

45. Defendants deny the allegations of this paragraph.

46. Defendants deny the allegations of this paragraph.

47. Defendants repeat and incorporate by reference all of the answers set forth in paragraphs 1 through 46 above as if fully set forth herein.

48. Defendants deny the allegations of this paragraph.

49. Defendants deny the allegations of this paragraph.

50. Defendants deny the allegations of this paragraph.

51. Defendants deny the allegations of this paragraph.

52. Defendants deny the allegations of this paragraph.

53. Defendants repeat and incorporate by reference all of the answers set forth in paragraphs 1 through 52 above as if fully set forth herein.

54. Defendants deny the allegations of this paragraph.

55. Defendants deny the allegations of this paragraph.

56. Defendants deny the allegations of this paragraph.

57. Defendants deny the allegations of this paragraph.

58. Defendants repeat and incorporate by reference all of the answers set forth in paragraphs 1 through 57 above as if fully set forth herein.

59. Defendants admit the allegations contained in this paragraph.

60. Defendants admit the allegations contained in this paragraph.

61. Defendants deny the allegations of this paragraph.

62. Defendants deny the allegations of this paragraph.

63. Defendants deny the allegations of this paragraph.

64. Defendants deny the allegations of this paragraph.

65. Defendants deny the allegations of this paragraph.

66. Defendants repeat and incorporate all of the answers set forth in paragraphs 1 through 65 above as if fully set forth herein.

67. Defendants admit the allegations contained in this paragraph.

68. Defendants admit the allegations contained in this paragraph.

69. Defendants deny the allegations of this paragraph.

70. Defendants deny the allegations of this paragraph.

71. Defendants deny the allegations of this paragraph.

72. Defendants deny the allegations of this paragraph.

73. Defendants deny the allegations of this paragraph.

74. Defendants repeat and incorporate by reference all of the answers set forth in paragraphs 1 through 73 above as if fully set forth herein.

75. Defendants deny the allegations of this paragraph.

76. Defendants deny the allegations of this paragraph.

With respect to Plaintiffs' Complaint, Defendants deny that Plaintiffs are entitled to the relief requested or to any other relief.

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiffs are estopped from asserting some or all of the claims alleged in the Complaint.

THIRD AFFIRMATIVE DEFENSE

Defendants allege the Doctrine of Unclean Hands.

FOURTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs' "COQ" portion of its mark has been used as a common word for many years by many businesses within the area served by Plaintiffs, with Plaintiffs' knowledge, and to which it has never objected. Plaintiffs are therefore estopped from asserting rights against the Defendants with respect to the term "COQ".

FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred in whole or in part by the Doctrine of Acquiescence.

JURY DEMAND

Defendants respectfully request a trial by jury.

WHEREFORE, Defendants pray that Plaintiffs take nothing by their Complaint herein, that judgment be entered for Defendants and against Plaintiffs on each count of the Complaint, that Defendants be awarded their attorneys' fees and costs incurred herein, as well as the cost of suit herein, and that Defendants be granted such other and further relief as the Court deems just and proper.

                            MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                            */s/ Julia Heaney*

                            _____
                            Jack B. Blumenfeld (#1014)
                            Julia Heaney (#3052)
                            1201 North Market Street
                            P.O. Box 1347
                            Wilmington, DE 19899-1347
                            (302) 658-9200
                            jheaney@mnat.com
                                *Attorneys for Defendants*

OF COUNSEL:

James E. Shlesinger
Daniel T. Earle
SHLESINGER, ARKWRIGHT & GARVEY, LLP
1420 King Street, Suite 600
Alexandria, VA  22314

September 5, 2007

1224038

**CERTIFICATE OF SERVICE**

I, Julia Heaney hereby certify that on September 5, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>Patricia Smink Rogowski, Esquire
>CONNOLLY BOVE LODGE & HUTZ LLP

I further certify that I caused to be served copies of the foregoing document on September 5, 2007 upon the following in the manner indicated:

**VIA ELECTRONIC MAIL
and HAND DELIVERY**

Patricia Smink Rogowski, Esquire
CONNOLLY, BOVE, LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801

**VIA ELECTRONIC MAIL
and FIRST CLASS MAIL**

John P. Donahue, Jr., Esquire
Chad A. Rutkowski, Esquire
WOODCOCK WASHBURN LLP
Cira Centre – 12th Floor
2929 Arch Street
Philadelphia, PA  19104-2891

*/s/ Julia Heaney*
_____
Julia Heaney (#3052)