IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMA BASE S.A. and<br>ASPIRATION TRUST REG.,<br><br>    Plaintiffs,<br><br>v.<br><br>HVL INC. (a.k.a. H.V.L. Inc. and<br>DOUGLAS LABORATORIES) and<br>HI-VIDOMIN LABORATORIES,<br>INC.,<br><br>    Defendants. | Civil Action No. 07-458-SLR |

# ORDER

At Wilmington this 10th day of October 2007, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by October 8, 2007 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

(a) Discovery will be needed on the following subjects:

- Defendants' selection and use of the mark "Co-Q-Loz," alone or in combination with other words or designs;

- Defendants' relations with various web-based dietary supplement vendors;

- Defendants' advertising and marketing of its "Co-Q-Loz" product;

- The likelihood that consumers will be confused regarding the relationship between Plaintiffs' products and Defendants' "Co-Q-Loz" product by virtue of Defendants' advertising and marketing of same;
- Defendants' profits derived from sales of its "Co-Q-Loz" product;
- Any evidence or documents in support of Defendants' defenses;
- Plaintiffs' selection and use of the marks "CoQMelt" and "QMelt", alone or in combination with other words or designs;
- The use by third parties of the term "CoQ", or any variation thereof, either alone or in combination with other terms;
- Efforts by Plaintiffs to enforce the marks, "CoQMelt" or "QMelt", against third parties;
- The facts and circumstances relevant to the factors for determining likelihood of confusion;
- Any evidence or documents in support of the allegations set forth in Plaintiffs' Complaint;
- The degree of inherent distinctiveness associated with Plaintiffs' "CoQMelt" and "QMelt" marks;
- The duration and extent of advertising and use of Plaintiffs' "CoQMelt" and "QMelt" marks;
- The licensing of Plaintiffs' "CoQMelt" and "QMelt" marks.

(b) All discovery shall be commenced in time to be completed by September 19, 2008.

(c) Maximum of 25 interrogatories by each party to any other party.

(d) Maximum of 50 requests for admission by each party to any other party.

(e) Maximum of 10 depositions by plaintiff and 10 by defendant.

(f) Each deposition is limited to a maximum of 7 hours unless extended by agreement of parties. For purposes of this limit, each 7 hours of 30(b)(6) testimony shall count as one fact deposition (without regard to the number of topics covered).

(g) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by November 6, 2008. Rebuttal expert reports due by December 4, 2008.

(h) **Discovery Disputes.**

(1) The court shall conduct an in-person discovery status conference on March 12, 2008 from 4:30 P.M. to 5:00 P.M., the time to be allocated equally among the parties. **No motions to compel or motions for protective order shall be filed absent approval of the court.**

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification.** All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before May 2, 2008.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before February 6, 2009. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

6. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

(a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

7. **Motions in Limine.** All motions in limine shall be filed on or before **July 9, 2009**. All responses to said motions shall be filed on or before **July 16, 2009.**

8. **Pretrial Conference**. A pretrial conference will be held on July 23, 2009 at 4:30 P.M. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

9. **Trial.** This matter is scheduled for a two week jury trial commencing on September 14, 2009 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge